|          |                      |            |                      |
|----------|----------------------|------------|----------------------|
|          | AUSA: Susan Fairchild | Telephone: | (313) 226-9577 |
| AO 91 (Rev. 11/11) Criminal Complaint | Agent: BPA Michael Everson | Telephone: | (313) 926-4700 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Cesar VAZQUEZ-DEMEDICIS

Case No.

Case: 2:25–mj–30117
Assigned To : Unassigned
Assign. Date : 3/6/2025

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 24, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:

On or about February 24, 2025, in the Eastern District of Michigan, Southern Division, Cesar VAZQUEZ-DEMEDICIS an alien from Mexico, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about October 11, 2016, Laredo, Texas, and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326 (a).

☑ Continued on the attached sheet.

*Complainant's signature*

Michael Everson, BPA
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: __March 6, 2025__

*Judge's signature*

City and state: __Detroit, MI__

Hon. Kimberly G. Altman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Michael Everson, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since December 2011. Currently, I am assigned to the Detroit Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed material from the official Immigration file and system automated data relating to Cesar VAZQUEZ-DEMEDICIS, which reveals the following:

2. VAZQUEZ-DEMEDICIS is a forty-seven-year-old male, native and citizen of Mexico, who last entered the United States at or near an unknown place, on or about an unknown date without being admitted, inspected, or paroled by an Immigration Officer.

3. On or about November 21, 2004, VAZQUEZ-DEMEDICIS was arrested by Pontiac Police and was charged with Domestic Violence.

4. On or about September 11, 2006, VAZQUEZ-DEMEDICIS was arrested by Pontiac Police and charged with Assault Excluding Sexual.

5. On or about November 15, 2006, VAZQUEZ-DEMEDICIS was convicted in the 50th District Court for Domestic Violence, in violation of MCL 750.812. He was sentenced to 12 months' probation and fined $1000.

6. On or about December 21, 2008, VAZQUEZ-DEMEDICIS was arrested by Oakland County Sheriffs and was charged with Liquor Excluding Traffic.

7. On or about December 22, 2008, VAZQUEZ-DEMEDICIS was arrested by Immigration and Customs Enforcement (ICE). He was processed for a Notice to Appear.

8. On or about January 14, 2009, VAZQUEZ-DEMEDICIS was ordered removed by an Immigration Judge. On January 20, 2009, he was removed back to Mexico through Laredo, Texas.

9. On or about March 24, 2015, VAZQUEZ- DEMEDICIS was arrested by Border Patrol Agents near Monroe, Michigan. He was transported to the Gibraltar Border Patrol Station for processing. It was discovered through searching his record checks that he had an outstanding warrant with Oakland County Sheriffs. VAZQUEZ- DEMEDICIS was extradited to Oakland County to face outstanding charges, and an immigration detainer was placed.

10. On or about April 9, 2015, VAZQUEZ- DEMEDICIS was convicted for Operating While Intoxicated (OWI), in violation of MCL 257.6251-A and Driving on a Suspended License, in violation of MCL 257.9041B. He was sentenced to 30 days' imprisonment.

11. On or about May 5, 2015, VAZQUEZ- DEMEDICIS was convicted for Driving on a Suspended License. He was sentenced to 90 days' imprisonment and fined $775.

12. On or about May 8, 2015, VAZQUEZ- DEMEDICIS was picked back up by Border Patrol Agents and was processed. His prior order of removal was reinstated. On May 19, 2015, he was removed back to Mexico through Laredo, Texas.

13. VAZQUEZ- DEMEDICIS told agents that on June 15, 2015, he made arrangements to be smuggled into the United States for the price of $6000. A group of aliens rafted across the Rio Grande River and walked for two days, prior to being picked up by a designated driver. He was driven to Dallas, Texas, and eventually taken to Detroit, MI.

14. On or about July 14, 2015, VAZQUEZ- DEMEDICIS was arrested by Border Patrol Agents near Laredo, Texas. His prior order of removal was reinstated. On July 16, 2015, he was convicted of illegal entry, in violation of 8 U.S.C. §1325, and was sentenced to 30 days' confinement. On August 12, 2015, he was removed back to Mexico through Laredo, Texas.

15. On or about August 20, 2015, VAZQUEZ- DEMEDICIS was arrested by Border Patrol Agents near Rio Grande City, Texas. VAZQUEZ- DEMEDICIS entered the United States illegally by rating across the Rio Grande River, approximately 5 miles east of the Port of Entry. His prior order of removal was reinstated. On August 21, 2015, he was removed back to Mexico through Hidalgo, Texas.

16. On or about September 12, 2016, VAZQUEZ- DEMEDICIS was arrested by Border Patrol Agents near Chesterfield, Michigan. His prior order of removal was reinstated. On October 11, 2016, he was removed back to Mexico through Laredo, Texas.

17. On or about February 24, 2025, VAZQUEZ- DEMEDICIS was arrested by Border Patrol Agents in Detroit, Michigan following surveillance at his last known residence and a consensual encounter at his vehicle. VAZQUEZ-DEMEDICIS admitted to being illegally present in the United States. He was transported to the Detroit Border Patrol Station for processing. His prior order of removal was reinstated.

18. Cesar VAZQUEZ- DEMEDICIS's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results revealed that VAZQUEZ- DEMEDICIS is a citizen of Mexico with the foregoing immigration history who has been previously removed from the United States. The record checks did not provide any evidence that VAZQUEZ- DEMEDICIS legally entered the United States or had been issued any document or status that would allow him to enter or remain the United States.

19. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

20. Review of the Alien File (A# xxx xxx 220) for Cesar VAZQUEZ-DEMEDICIS and queries in Department of Homeland Security databases confirm no record exists of VAZQUEZ- DEMEDICIS obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his removal on October 11, 2016.

21. Based on the above information, I believe there is probable cause to conclude that Cesar VAZQUEZ- DEMEDICIS, is an alien who was found in the

United States after removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326(a).

_____
Michael Everson, Border Patrol Agent
U.S. Department of Homeland Security

Subscribed and sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Honorable Kimberly G. Altman
United States Magistrate Judge

March 6, 2025